UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. MARK RESNICK

       Plaintiff,

                                  CASE NO.:

v.

NOVO NORDISK, INC.

       Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DR. MARK RESNICK ("Plaintiff" or "Resnick"), by and through his undersigned counsel, hereby sues Defendant, NOVO NORDISK, INC. ("Defendant" or "Nordisk"), and in support thereof states the following:

**JURISDICTION AND VENUE**

1.     This action arises, in part, under 42 U.S.C.A. 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.* as amended by the Civil Rights Act of 1991 ("Title VII"), and the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, Florida Statutes ("FCRA").

2.     This is an action involving a federal question, thus invoking the jurisdiction of this Court under 28 U.S.C.A. §1331. This Court also has supplemental jurisdiction over the Florida state law claims alleged herein under 28 U.S.C.A. §1367 (a).

3.     Venue is appropriate in this Court given that the actions forming the basis of this Complaint occurred in Hillsborough County, Florida.

4. This Court is vested with jurisdiction to order back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C.A. 1981(a), 42 U.S.C.A. §2000e-5(g) and §760.11(5), Florida Statues.

5. Plaintiff has at all material times to this Complaint resided in Hillsborough County, Florida.

6. Defendant Nordisk is a Foreign Profit Corporation, incorporated in the State of Delaware, with its primary place of business in Princeton, Mercer County, New Jersey. This Court has personal jurisdiction over Defendant pursuant to F.S. 48.193 because it has conducted systematic and continuous business within Florida.

7. Nordisk is an "employer" as defined by 42 U.S.C.A. §2000(e) and §760.02(7), Florida Statutes because it is engaged in an industry affecting commerce and it employs more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

8. Nordisk maintained the right to control Plaintiff's employment conditions, paid him, withheld taxes on his behalf, and provided employment benefits such as health insurance to him.

9. Plaintiff belongs to a protected group on the basis of age, as he is fifty-nine (59) years old.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. Plaintiff filed a charge with the Equal Employment Opportunity Commission (Charge No. 511-2010-00881) for discrimination based on age, sex and retaliation.

11.     This action is filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue dated July 26, 2010; a true and correct copy of said Notice is attached and marked as Exhibit "A."

12.     Plaintiff has satisfied any and all administrative conditions precedent to filing of this action as contemplated by §760.11, Florida Statutes, given that he filed the above-referenced charges with the EEOC.

## GENERAL ALLEGATIONS

13.     At all material times, Plaintiff was employed by Nordisk.

14.     At all material times, Plaintiff's position at Nordisk was Senior Medical Scientific Liaison.

15.     At all material times, Plaintiff was over forty (40) years of age.

16.     Plaintiff was hired on to a permanent position with Nordisk on October 25, 1999.

17.     Plaintiff's salary was One Hundred Thirty Four Thousand Dollars ($134,000) per year, payable on a monthly basis.

18.     Plaintiff reached a milestone of ten years with the company, demonstrating stability, dedication and loyalty.

19.     During his employment with Nordisk, Plaintiff received numerous accolades, reports, awards, and recognition by the medical community.  All of these reports demonstrate that Plaintiff was a well-recognized and respected individual.

20.     Plaintiff was retaliated against by certain female employees from Nordisk for his complaints to Human Resources about their harassing and discriminatory conduct.

21.     Beginning in 2006, Plaintiff was discriminated against based on his age and sex.  Specifically, younger, less experienced and less credentialed individuals were hired and given better advancement opportunities in the company.

22.     In 2006, Plaintiff discussed with his manager, Michelle Watson ("Ms. Watson") about support in career advancement with the company.  Plaintiff made it clear that he wanted to be considered for any and all opportunities for advancement.

23.     Plaintiff signed up for different management courses, but Ms. Watson specifically rejected Plaintiff's applications and refused to provide funding from the company to take these courses.

24.     Ms. Watson approved female medical liaisons for such similar management courses and opportunities.  Ms. Watson also encouraged female employees to enroll in such programs.

25.     Plaintiff had far greater experience than these individuals, was equally qualified and was a long standing respected employee of Nordisk.

26.     Plaintiff was similarly qualified to be offered opportunities for advancement.

27.     Plaintiff was criticized continually and pervasively for his age and appearance by Ms. Watson.

28.     Plaintiff complained to his new manager, Margaret Fisher ("Ms. Fisher") and later to Debbie Green ('Ms. Green") from Human Resources that he was feeling discriminated against, harassed, specifically singled out, and targeted by Ms. Watson because of his age and gender.  He was being treated differently than other female employees as well as younger male employees.

4

29.    In 2008 Plaintiff applied for an internal position in the Hemodialysis Group that would advance his education and allow him to transfer from the department. Ms. Fisher discouraged Plaintiff from applying for this position.

30.    Plaintiff contacted Ms. Green to voice his concerns that he would be denied any chance at other positions.  He also sent his resume for consideration of this employment opportunity.  Plaintiff was declined for this advancement.

31.    Plaintiff was criticized continually and pervasively for his age and appearance by Ms. Watson and other female employees.

32.    In 2009 Plaintiff applied to get into managed care and government department and take the necessary steps internally to gain such knowledge base. Plaintiff's newest manager, Deanna Maynard ("Ms. Maynard") ignored his request.

33.    Plaintiff reported and/or complained about the unfair, disparate and discriminatory treatment he perceived compared to the younger, female, less experienced individuals who were promoted and offered advancement opportunities.

34.    Plaintiff reported and/or complained about the unfair, disparate and discriminatory treatment to the appropriate individuals at his employer, which is a protected conduct.

35.    Plaintiff was subjected to further harassment and discriminatory conduct after he reported his complaints.

36.    In November 2009, Plaintiff was terminated from his employment at Nordisk, due to his age, gender and in retaliation for reporting the disparities and discrimination against him.

## COUNT I
### Employment Discrimination – Age Discrimination under Florida Civil Rights Act, Fla. Stat. Section 760.01, et. seq.

37.     Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

38.     Plaintiff is a member of a protected class due to his age, as he is fifty-nine (59) years old.

39.     Plaintiff is qualified for the Senior Medical Scientific Liaison position apart from his age.

40.     Plaintiff's job was made disproportionately more difficult because of his age and Plaintiff was terminated from his position as Senior Medical Scientific Liaison because of his age.

41.     Such actions constitute unlawful employment practices under §§760.01–760.10, Florida Statutes.

42.     A legitimate, non-discriminatory reason does not exist to justify Nordisk's intentional, disparate and discriminatory actions toward and termination of Plaintiff.

43.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

44.     As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional

distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

45.     The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

A. That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Nordisk be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT II
### Employment Discrimination – Gender Discrimination under Florida Civil Rights Act, Fla. Stat. Section 760.01, et. seq.

46.     Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

47.     Plaintiff is qualified for the Senior Medical Scientific Liaison position apart from his gender.

7

48.     Plaintiff's job was made disproportionately more difficult because of his gender and Plaintiff was terminated from his Senior Medical Scientific Liaison position because of his gender.

49.     Such actions constitute unlawful employment practices under §§760.01–760.10, Florida Statutes.

50.     A legitimate, non-discriminatory reason does not exist to justify Nordisk's intentional, disparate and discriminatory actions toward and termination of Plaintiff.

51.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

52.     As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

53.     The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

G. That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

8

H. That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

I. Prejudgment interest and back pay;

J. That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

K. That Nordisk be ordered to pay front pay in lieu of reinstatement; and

L. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT III
### Employment Discrimination – Age Discrimination under the Age Discrimination in Employment Act, 29 U.S.C. 621-634

54. Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

55. Plaintiff is a member of a protected class due to his age, as he is fifty-nine (59) years old.

56. Plaintiff is qualified for the Senior Medical Scientific Liaison position apart from his age.

57. Plaintiff's job was made disproportionately more difficult because of his age and Plaintiff was terminated from his Senior Medical Scientific Liaison position because of his age.

58. Such action constitutes an unlawful employment practice under the Age Discrimination in Employment Act, 29 U.S.C. 621-634, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.*

9

59.    A legitimate, non-discriminatory reason does not exist to justify Nordisk's intentional, disparate and discriminatory actions toward and termination of Plaintiff.

60.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

61.    As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

62.    The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

A. That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Nordisk be ordered to pay front pay in lieu of reinstatement; and

10

F. That the Court grants Plaintiff such other relief as may be just and proper.

**COUNT IV**
**Employment Discrimination – Gender Discrimination under Title VII**
**of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.***

63.    Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

64.    Plaintiff is qualified for the Senior Medical Scientific Liaison position apart from his gender.

65.    Plaintiff's job was made disproportionately more difficult because of his gender and Plaintiff was terminated from his Senior Medical Scientific Liaison position because of his gender.

66.    Such action constitutes an unlawful employment practice under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.*

67.    A legitimate, non-discriminatory reason does not exist to justify Nordisk's intentional, disparate and discriminatory actions toward and termination of Plaintiff.

68.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

69.    As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional

11

distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

70.    The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

A. That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Nordisk be ordered to pay front pay in lieu of reinstatement; and

F. That the Court grants Plaintiff such other relief as may be just and proper.

**COUNT IV**
**Retaliation – Title VII and ADEA**

71.    Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

72.    As outlined in the General Allegations incorporated herein, Plaintiff has engaged in protected conduct by reporting discriminatory actions to the appropriate individuals.

73.    Plaintiff opposed the Defendant's unlawful employment practices by reporting age discrimination to the appropriate individuals on multiple occasions.

74.    As a result of such conduct, Plaintiff was terminated from employment with the Defendant.

75.    There is more than a casual connection between the protected conduct and the termination.    Plaintiff's reports of age discrimination were the reasons for the termination.

76.    The Defendant took the above-described actions in retaliation for having complained about age discrimination.

77.    A legitimate non-discriminatory and/or non-retaliatory reason does not exist to justify the Defendant's intentional disparate and retaliatory termination of Plaintiff.

78.    As a result of the actions as alleged herein, Plaintiff has sustained severe and substantial damages and injuries.    He has been terminated from his employment at Nordisk.

79.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

80.    As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

13

81.    The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

A. That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

B. That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

C. Prejudgment interest and back pay;

D. That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E. That Nordisk be ordered to pay front pay in lieu of reinstatement; and

A. That the Court grants Plaintiff such other relief as may be just and proper.

## COUNT V
### Retaliation Fla. Stat. 760.10

82.    Plaintiff repeats each and every allegation of paragraphs 10 through 36 as if fully set forth herein at length.

83.    Defendant violated Fla. Stat. §760.10(7), Florida Statutes, by retaliating against Plaintiff for reporting age and sex discrimination or discriminatory treatment.

84.    Such retaliation constituted an unlawful employment practice under §760.10(1), Florida Statutes.

85.    A legitimate, non-discriminatory and/or non-retaliatory reason does not exist to justify Defendant's intentional, disparate and retaliatory termination of Plaintiff.

14

86.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights under §760.10 and §760.11, Florida Statutes, thus entitling Plaintiff to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

87.    As a direct, proximate and foreseeable result of Nordisk and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

88.    The actions of Nordisk and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

WHEREFORE, Plaintiff, DR. MARK RESNICK, demands judgment as follows:

A.  That damages be assessed against Nordisk for compensatory and emotional stress suffered as a result of the wrongful acts;

B.  That punitive damages be assessed against Nordisk as a result of the intentional willfulness and wrongful acts;

C.  Prejudgment interest and back pay;

D.  That Nordisk be ordered to pay to the Plaintiff all reasonable attorneys' fees plus costs of suit;

E.  That Nordisk be ordered to pay front pay in lieu of reinstatement; and

15

F.  That the Court grants Plaintiff such other relief as may be just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff, DR. MARK RESNICK, demands a trial by jury on all issues so triable.

DATED:  this _____ day of August, 2010.

_____
MITCHELL L. FELDMAN, ESQ.
Florida Bar No. 0080349
FELDMAN, FOX & MORGADO, P.A.
2701 N. Rocky Point Dr., Suite 1000
Tampa, FL 33607
Phone: (813) 639-9366
Fax:    (813) 639-9376
Email: mfeldman@ffmlawgroup.com
Attorney for Plaintiff