UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:10-CV-01913-SCB-TBM

DR. MARK RESNICK,

        Plaintiff,

v.

NOVO NORDISK INC.,

        Defendant.

_____

## DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Novo Nordisk Inc. ("Novo Nordisk"), files its Answer, Defenses, and

Affirmative Defenses in response to Plaintiff Mark Resnick's Complaint and Demand for

Jury Trial ("Complaint") in corresponding numbered paragraphs as follows.

## JURISDICTION AND VENUE

1.      Novo Nordisk admits that Plaintiff purports to bring this action under

Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.* as amended by

the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992,

§760.01, *et. seq.*, Florida Statutes ("FCRA").[1]  Novo Nordisk denies, however, that it

violated Title VII or the FCRA.

---

[1]    Although Plaintiff cites to 42 U.S.C.A. §1983 in paragraph 1 of the Complaint, Novo Nordisk believes this reference to be in error as the Complaint does not include a count under 42 U.S.C.A. §1983 nor would it be applicable to this action.  To the extent the reference to 42 U.S.C.A. §1983, is not in error, Novo Nordisk denies that it violated 42 U.S.C.A. §1983.

2.      The allegations in paragraph 2 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

3.      Novo Nordisk admits that the venue is appropriate in this Court.  Novo Nordisk denies the remaining allegations in paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

5.      Novo Nordisk lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 5 of the Complaint, and therefore, denies them.

6.      Novo Nordisk admits that it is a Delaware corporation with its principal place of business in Princeton, New Jersey.  The remaining allegations in paragraph 6 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

7.      The allegations in paragraph 7 of the Complaint constitute conclusions of law, to which no responsive pleading is required.

8.      Novo Nordisk admits that it employed Plaintiff from October 25, 1999 through November 2, 2009.  Novo Nordisk further admits that, during Plaintiff's employment, Novo Nordisk paid Plaintiff wage income minus applicable deductions and there were health benefits made available to him.  Novo Nordisk denies the remaining allegations in paragraph 8 of the Complaint.

9.      Novo Nordisk lacks sufficient knowledge or information to form a belief as to Plaintiff's age as alleged in paragraph 9 of the Complaint, and therefore, denies those allegations.  The remaining allegations in paragraph 9 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10.      Novo Nordisk admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and that document speaks for itself.

11.      Novo Nordisk admits that Plaintiff has attached to the Complaint a Notice marked as Exhibit A, and that document speaks for itself.  Novo Nordisk lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 11 of the Complaint, and therefore, denies them.

12.      The allegations in paragraph 12 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

## GENERAL ALLEGATIONS

13.      Novo Nordisk admits that it employed Plaintiff from October 25, 1999 through November 2, 2009.  Novo Nordisk denies the remaining allegations in paragraph 13 of the Complaint.

14.      Novo Nordisk admits that Plaintiff was last employed by Novo Nordisk as a Senior Medial Scientific Liaison.  Novo Nordisk denies the remaining allegations in paragraph 14 of the Complaint.

15.    Novo Nordisk lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 15 of the Complaint, and therefore, denies them.

16.    Novo Nordisk admits the allegations in paragraph 16 of the Complaint.

17.    Novo Nordisk denies the allegations in paragraph 17 of the Complaint.

18.    Novo Nordisk admits that it employed Plaintiff from October 25, 1999 through November 2, 2009.  Novo Nordisk denies the remaining allegations in paragraph 18 of the Complaint.

19.    Novo Nordisk denies the allegations in paragraph 19 of the Complaint.

20.    Novo Nordisk denies the allegations in paragraph 20 of the Complaint.

21.    Novo Nordisk denies the allegations in paragraph 21 of the Complaint.

22.    Novo Nordisk lacks sufficient knowledge or information to form a belief as to what "career advancement" Plaintiff is referring to in his allegations in paragraph 22 of the Complaint, and therefore, denies the allegations.  Novo Nordisk denies the remaining allegations in paragraph 22 of the Complaint.

23.    Novo Nordisk lacks sufficient knowledge or information to form a belief as to which "management courses" and "applications" Plaintiff is referring to in his allegations in paragraph 23 of the Complaint, and therefore, denies the allegations. Novo Nordisk denies the remaining allegations in paragraph 23 of the Complaint.

24.    Novo Nordisk lacks sufficient knowledge or information to form a belief as to which "management courses and opportunities" Plaintiff is referring to in his allegations in paragraph 24 of the Complaint, and therefore, denies the allegations. Novo Nordisk denies the remaining allegations in paragraph 24 of the Complaint.

25. Novo Nordisk denies the allegations in paragraph 25 of the Complaint.

26. Novo Nordisk lacks sufficient knowledge or information to form a belief as to which "opportunities" Plaintiff is referring to in his allegations in paragraph 26 of the Complaint, and therefore, denies the allegations. Novo Nordisk denies the remaining allegations in paragraph 26 of the Complaint.

27. Novo Nordisk denies the allegations in paragraph 27 of the Complaint.

28. Novo Nordisk denies the allegations in paragraph 28 of the Complaint.

29. Novo Nordisk admits that in 2008 Plaintiff applied for the position of Director of Hematology. Novo Nordisk denies the remaining allegations in paragraph 29 of the Complaint.

30. Novo Nordisk denies the allegations in paragraph 30 of the Complaint.

31. Novo Nordisk denies the allegations in paragraph 31 of the Complaint.

32. Novo Nordisk admits that in 2009 Plaintiff applied for the position of Medical Scientific Director for Managed Market Sales – South. Novo Nordisk denies the remaining allegations in paragraph 32 of the Complaint.

33. Novo Nordisk denies the allegations in paragraph 33 of the Complaint.

34. Novo Nordisk denies the allegations in paragraph 34 of the Complaint.

35. Novo Nordisk denies the allegations in paragraph 35 of the Complaint.

36. Novo Nordisk admits that it employed Plaintiff from October 25, 1999 through November 2, 2009. Novo Nordisk denies the remaining allegations in paragraph 36 of the Complaint.

<u>**COUNT I**</u>
<u>**Employment Discrimination – Age Discrimination under Florida Civil Rights**</u>
<u>**Act, Fla. Stat. Section 760.01, *et. seq*.**</u>

37.   Novo Nordisk repeats and incorporates by reference each of its responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully herein.

38.   Novo Nordisk lacks sufficient knowledge or information to form a belief as to Plaintiff's age as alleged in paragraph 38 of the Complaint, and therefore, denies those allegations.  The remaining allegations in paragraph 38 of the Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Novo Nordisk denies the allegations.

39.   Novo Nordisk denies the allegations in paragraph 39 of the Complaint.

40.   Novo Nordisk denies the allegations in paragraph 40 of the Complaint.

41.   Novo Nordisk denies the allegations in paragraph 41 of the Complaint.

42.   Novo Nordisk denies the allegations in paragraph 42 of the Complaint.

43.   Novo Nordisk denies the allegations in paragraph 43 of the Complaint.

44.   Novo Nordisk denies the allegations in paragraph 44 of the Complaint.

45.   Novo Nordisk denies the allegations in paragraph 45 of the Complaint.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause following paragraph 45 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein and any relief whatsoever from Novo Nordisk.

<strong><u>COUNT II</u></strong><br>
<strong><u>Employment Discrimination – Gender Discrimination under Florida Civil Rights</u></strong><br>
<strong><u>Act, Fla. Stat. Section 760.01, <em>et. seq.</em></u></strong>

46.     Novo Nordisk repeats and incorporates by reference each of its responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully herein.

47.     Novo Nordisk denies the allegations in paragraph 47 of the Complaint.

48.     Novo Nordisk denies the allegations in paragraph 48 of the Complaint.

49.     Novo Nordisk denies the allegations in paragraph 49 of the Complaint.

50.     Novo Nordisk denies the allegations in paragraph 50 of the Complaint.

51.     Novo Nordisk denies the allegations in paragraph 51 of the Complaint.

52.     Novo Nordisk denies the allegations in paragraph 52 of the Complaint.

53.     Novo Nordisk denies the allegations in paragraph 53 of the Complaint.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause following paragraph 53 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein and any relief whatsoever from Novo Nordisk.

<strong><u>COUNT III</u></strong><br>
<strong><u>Employment Discrimination – Age Discrimination under the Age Discrimination</u></strong><br>
<strong><u>in Employment Act, 29, U.S.C. 621-634</u></strong>

54.     Novo Nordisk repeats and incorporates by reference each of its responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully herein.

55.     Novo Nordisk lacks sufficient knowledge or information to form a belief as to Plaintiff's age as alleged in paragraph 55 of the Complaint, and therefore, denies

those allegations.  The remaining allegations in paragraph 55 of the Complaint

constitute conclusions of law, to which no responsive pleading is required.  To the

extent a response is required, Novo Nordisk denies the allegations.

56.     Novo Nordisk denies the allegations in paragraph 56 of the Complaint.

57.     Novo Nordisk denies the allegations in paragraph 57 of the Complaint.

58.     Novo Nordisk denies the allegations in paragraph 58 of the Complaint.

59.     Novo Nordisk denies the allegations in paragraph 59 of the Complaint.

60.     Novo Nordisk denies the allegations in paragraph 60 of the Complaint.

61.     Novo Nordisk denies the allegations in paragraph 61 of the Complaint.

62.     Novo Nordisk denies the allegations in paragraph 62 of the Complaint.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause

following paragraph 62 of the Complaint, and further denies that Plaintiff is entitled to

any of the relief requested therein and any relief whatsoever from Novo Nordisk.

### COUNT IV
### Employment Discrimination – Gender Discrimination under Title VII
### of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e., *et. seq*.

63.     Novo Nordisk repeats and incorporates by reference each of its

responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully

herein.

64.     Novo Nordisk denies the allegations in paragraph 64 of the Complaint.

65.     Novo Nordisk denies the allegations in paragraph 65 of the Complaint.

66.     Novo Nordisk denies the allegations in paragraph 66 of the Complaint.

67.     Novo Nordisk denies the allegations in paragraph 67 of the Complaint.

68.    Novo Nordisk denies the allegations in paragraph 68 of the Complaint.

69.    Novo Nordisk denies the allegations in paragraph 69 of the Complaint.

70.    Novo Nordisk denies the allegations in paragraph 70 of the Complaint.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause following paragraph 70 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein and any relief whatsoever from Novo Nordisk.

## COUNT IV[2]
## Retaliation – Title VII and ADEA

71.    Novo Nordisk repeats and incorporates by reference each of its responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully herein.

72.    Novo Nordisk denies the allegations in paragraph 72 of the Complaint.

73.    Novo Nordisk denies the allegations in paragraph 73 of the Complaint.

74.    Novo Nordisk denies the allegations in paragraph 74 of the Complaint.

75.    Novo Nordisk denies the allegations in paragraph 75 of the Complaint.

76.    Novo Nordisk denies the allegations in paragraph 76 of the Complaint.

77.    Novo Nordisk denies the allegations in paragraph 77 of the Complaint.

78.    Novo Nordisk denies the allegations in paragraph 78 of the Complaint.

79.    Novo Nordisk denies the allegations in paragraph 79 of the Complaint.

80.    Novo Nordisk denies the allegations in paragraph 80 of the Complaint.

81.    Novo Nordisk denies the allegations in paragraph 81 of the Complaint.

---

[2]    This is mistakenly numbered as Count IV again in Plaintiff's Complaint.  For purposes of continuity, Novo Nordisk has followed Plaintiff's numbering.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause following paragraph 81 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein and any relief whatsoever from Novo Nordisk.

## COUNT V
## Retaliation Fla. Stat. 760.10

82.    Novo Nordisk repeats and incorporates by reference each of its responses to paragraphs 10 through 36 of Plaintiff's Complaint as though set forth fully herein.

83.    Novo Nordisk denies the allegations in paragraph 83 of the Complaint.

84.    Novo Nordisk denies the allegations in paragraph 84 of the Complaint.

85.    Novo Nordisk denies the allegations in paragraph 85 of the Complaint.

86.    Novo Nordisk denies the allegations in paragraph 86 of the Complaint.

87.    Novo Nordisk denies the allegations in paragraph 87 of the Complaint.

88.    Novo Nordisk denies the allegations in paragraph 88 of the Complaint.

Novo Nordisk denies the allegations set forth in the WHEREFORE clause following paragraph 88 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein and any relief whatsoever from Novo Nordisk.

## DEMAND FOR JURY TRIAL

Novo Nordisk admits that Plaintiff demands a trial by jury of all issues so triable as a matter of right but denies that Plaintiff is entitled to a trial in this matter.

**GENERAL DENIAL**

Novo Nordisk denies each and every allegation of fact, conclusion of law, or other matter in the Complaint not expressly admitted in this pleading.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can granted by this Court.

2.      All actions taken, and all policies applied by Defendant with regard to Plaintiff, were based on legitimate and reasonable business considerations.

3.      Defendant at all times acted in good faith and without any discriminatory or retaliatory motives toward Plaintiff.

4.      All actions taken by Defendant with regard to Plaintiff's employment were for good cause.

5.      Plaintiff's entitlement to damages, if any, is barred or diminished by his failure to mitigate any alleged damages.

6.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

7.      Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

8.      Plaintiff failed to exhaust his administrative remedies and/or satisfy all conditions precedent required to bring his claims.

9.      Plaintiff's damages are limited by the applicable law under which they are brought.

10.     Plaintiff, by his own actions, is responsible, in whole or in part, for any alleged damages in this case.

11.     All actions taken by Defendant with respect to Plaintiff were based on legitimate and reasonable business factors unrelated to any statutory rights or protection invoked by Plaintiff, and without any retaliatory motives toward Plaintiff.

12.     Defendant is not liable for punitive damages because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized or ratified, or had actual knowledge of any such acts.

13.     Defendant has in place a strong, well-distributed policy against discrimination and retaliation and otherwise exercised reasonable care to prevent and correct promptly any such behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

14.     If any improper, illegal, discriminatory or retaliatory act was taken by a Defendant employee against Plaintiff, it was outside the course and scope of that employee's employment. Thus, any such actions cannot be attributed or imputed to Defendant.

15.     Any decisions complained of by Plaintiff, if performed or carried out, were performed or carried out in good faith, and based upon legitimate, nondiscriminatory and nonretaliatory reasons.

13

16.     All aspects of Plaintiff's claim must be dismissed that were not specifically presented in his Charge of Discrimination or were not made to the appropriate agency within the applicable time period after the alleged unlawful employment practice occurred and those which occurred more than the statutorily prescribed time period prior to the filing of the Charge, as such averments would be barred.

17.     Plaintiff's damages are barred, in whole or in part, by the doctrine of after acquired evidence.

18.     If Plaintiff is able to prove any discrimination, or discriminatory or retaliatory conduct, Defendant reserves the right to bring a mixed-motive defense.

19.     Defendant reserves the right to add additional defenses and affirmative defenses as this case proceeds.

Dated October 8, 2010

Respectively submitted,

*s/Madid C. Gonzalez*
Mark E. Zelek, Esq.
Fla. Bar No. 667773
mzelek@morganlewis.com
Madid C. Gonzalez
Fla. Bar No. 338760
mcgonzalez@morganlewis.com
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2339
Telephone:    305.415.3303
Facsimile:    877.432.9652
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Madid C. Gonzalez*
Madid C. Gonzalez

**SERVICE LIST**
**Resnick v. Novo Nordisk Inc.**
**Case No. 8:10-cv-01913-SCB-TBM**
**United States District Court, Middle District of Florida**

Mitchell L. Feldman
mfeldman@ffmlawgroup.com
FELDMAN, FOX & MORGADO, P.A.
2701 North Rocky Point Drive
Suite 1000
Tampa, Florida 33607
Telephone:  (813) 639-9366
Fascimile:   (813) 639-9376
Attorneys for Plaintiff Dr. Mark Resnick
**Via CM/ECF**